The opinion of the court was delivered by.
Watkins, J,
The plaintiff, claiming to be the owner of an undivided one-half interest in a certain judgment rendered by this ■court on appeal from the parish of Tensas, in the suit entitled Mrs. Annie M. Upshur et al. vs. Mrs. Mary E. Briscoe et al., by purchase from the plaintiffs therein, who are citizens of the District of Columbia, and which is still pending on writ of error in the United States Supreme Court, complains:
1. That in the notarial act of transfer said plaintiffs, as transferrers, bound themselves not to interfere with her as the transferee of an interest therein, in the conduct and management of said suit, in any manner; 2- thgt said vendors and transferrers refuse to execute and comply with their agreement and disavow their title so made, and contrary to their obligation, are attempting to effect a compromise of the matters in litigation, in violation thereof and to her great injury. Therefore she instituted suit in the parish of Tensas and prays for a judicial recognition and enforcement of said contract of sale and her ownership of one undivided half interest in said judgment.
The defendants being absentees in the sense of R. C. O. 3556, No. 3, the court granted an order appointing for them a curator ad hoe, in pursuance of the provisions of Article 56 and corresponding pro *364 visions of the Code of Practice, upon whom substituted service of citation was made. The curator excepted to the jurisdiction of the court ratione personal, on the ground that defendants have not been cited personally, and have not been brought into court by any process of the court issuing against property of theirs within its jurisdiction.
• This exception was sustained, the suit dismissed and the plaintiff has appealed.
The question is whether this proceeding constitutes judicial process within the meaning of the Fourteenth Amendment to the Federal Constitution. The leading case is Pennoyer vs. Neff, 95 U. S. 730. In that case the Supreme Court announced the governing principle to be that substituted service of citation “is effectual only when, in connection with process againstthe person for commencing the action, property in that State is brought under the control of the court and subjected to its disposition by process adapted to that purpose, or when the judgment is sought as a means of reaching such property, or (of) affecting some interest therein; in other words, when the action is in the nature of a proceeding in rem.” Page 733.
Then proceeding to specify what, in that sense, a proceeding in rem is considered to be, the court say: “ It is true that, in a strict sense, a proceeding in rem is one taken directly against property, and has for its object the disposition of the property, without reference to the title of individual claimants; but, in a larger and more general sense, the terms are applied to actions between parties, when the direct object is to reach and dispose of property owned by them, or of some interest therein. Such are eases commenced by attachment against the property of debtors, or instituted to partition real estate, foreclose a mortgage, or enforce a lien. So far as they affect property in the State, they are substantially proceedings in rem, in the broader sense we have mentioned.”
As preparatory to the utterance just quoted, the court said:
“ Such service may, also, be sufficient in cases where the object of the action is to reach and dispose of property in the State, or of some interest therein, by enforcing a contract, or a lien respecting the same, or to partition it among different owners, etc. In other words, such service may answer in all actions which are substantially proceedings in rem. But when the entire object of the action is to determine the personal, rights and obligations of the. *365 •defendants, that is, when the suit is merely in personam, constructive service is sufficient for any purpose.” P. 32V.
Within the “larger and more general sense,” in which the court treated actions in rem, we think this action comes clearly.
It is not an action in personam. Its object is to obtain judicial recognition and enforcement of a specific interest in tangible property situated in the parish of Tensas, in this State. The defendants are averred to be the plaintiff’s vendors and joint owners of the property in question, and she complains that they are about to dispose of same to her prejudice, and in direct violation of their contract.
Evidently, judgment is sought for the purpose of reaching the property in question, or of affecting an interest therein, by enforcing a contract respecting same, within the meaning of that opinion. This appears conclusive in the light of the concluding part of it, in which the court was careful enough to announce, that it was not their intention to say “that a State may not require a non-resident entering into a partnership or association within its limits, or making contracts enforceable there, to appoint an agent or representative in the State, to receive service of process and notice in legal proceedings, Instituted with respect to such partnership, association or contracts; * * * and that judgments rendered upon such service may not be binding upon the non-residents, both within and without the State.”
On the face of plaintiff’s petition it appears that by virtue of defendant’s sale to her of an interest in a judgment, they became joint owners thereof, and that their contract is enforceable in the courts of this State quoad that property.
Laughlin vs. Ice Company, 35 An. 1185, is not a similar ease. In that case we held that substituted service of citation was insufficient for the purpose of subjecting a foreign corporation, unrepresented by an agent in this State, to a personal action sounding in damages upon the simple averment that it owned property in this State. In that view we are still firm, and deem it perfectly consistent with the jurisprudence of this court, as expounded by our prodecessors; and that the jurisprudence is consistent with the principles of Pennoyer vs. Neff.
Dupuy vs. Hunt, 2 An. 263, was an action for the recovery of slaves,, or their value, against two defendants; one a citizen of Mississippi, the other of Louisiana. The former was cited through a curator ad *366 hoc and he excepted on the grounds assigned here, and the court said:
“ If the absentee leaves his property without an administrator of agent; if it be attached at the suit of a creditor; or, if an absentee becomes a necessary party to a suit between other persons lawfully in court, in furtherance of justice, the law authorizes a curator to be appointed to represent him. There is something on which the jurisdiction of the court is based, and the judgment rendered would be within the recognized and ordinary prerogatives of the judicial power.”
The principles stated in that case were substantially followed in many subsequent opinions, and notably in Peterson vs. McRae, 3 An. 101; Jelks vs. Smith, 5 An. 674; Ackley vs. Lyons, 6 An. 648; Ferguson vs. Thomas, 6 An. 218; Prindle vs. Williams, 9 An. 34; Stephens vs. Graves, 9 An. 239.
But in Field vs. Newspaper Company, 19 An. 36, a departure was taken, the principles announced in the quoted eases being recognized, but misapplied to a strictly personal action. In the more recent cases of O’Hara vs. Booth, 29 An. 817; Morris vs. Bienvenue, 30 An. 878, and Fly vs. Noble, 37 An. 669, those earlier cases were followed, and they are ih keeping with Pennoyer vs. Neff, to which our jurisprudence has been conformed. McKenzie vs. Bacon, 38 An. 764; Laughlin vs. Ice Company, 35 An. 1184; Heirs of McGehee vs. McGehee, 41 An. 657; Durruty vs. Musacchia, 42 An.-.
Our conclusion is, that the case stated is one in which substituted service of citation is effectual, and that a judgment pronounced thereon contradictorily with the curator ad hoc will bind the absentee defendant quoad the property in controversy, and that the judge a quo incorrectly sustained the curator’s exception, and dismissed the plaintiff’s suit.
It is therefore ordered and decreed that the judgment appealed from be annulled and reversed; and it is further ordered and decreed that the suit be reinstated, and the cause remanded for further proceedings according to law and the views, herein expressed.